UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

SANDRA M. WHITE,

       Defendant.
_____/  **INDICTMENT**

The Grand Jury charges:

## INTRODUCTION

At all times pertinent hereto, the following relevant facts were true:

1. On or about December 14, 1989, Defendant participated in preparing and filing Articles of Incorporation with the Michigan Department of Commerce for a corporation named "Corporate Travel Consultants/Travel by Design, Inc." (CTC/TBD), which document stated that the purpose of the corporation was to "own and operate a travel agency."

2. From not later than December 14, 1989, and continuing until at least July 2011, Defendant conducted business as a travel agent and co-owner of CTC/TBD.

3. From not later than May 23, 2007, and continuing until July 2011, Defendant's primary residence at 14317 Prairie Road, Harbert, Michigan, served as the registered office of CTC/TBD, and Defendant conducted all of the corporation's business from that location.

4. The Airlines Reporting Corporation (ARC) is an airline-owned accrediting body for airline-travel agencies in the United States. ARC also provides financial settlement services between travel agencies and over 190 ARC member airlines through its "Area Settlement Plan"

(ASP), the exclusive system through which ARC member airlines receive payment for tickets issued by agencies.  Without ARC accreditation, a travel agency cannot issue ARC electronic airline tickets and cannot settle those transactions through the ASP.  Because ARC provides the link for financial settlements between its member airlines and airline-travel agencies in the United States, these agencies effectively cannot do business unless they are ARC accredited.

5.      It is not uncommon for an ARC-accredited travel agency to obtain business through subcontracted travel agents, allowing those subcontracted agents to use the agency's access to ARC's electronic ticketing and the ASP.  Airlines do not, however, enter a business relationship with such subcontracted agents, and in the event of a financial dispute between an airline and an ARC-accredited agency regarding a fare or fares sold by a subcontracted travel agent, the airline typically holds the "host agency" responsible for any loss.  In such instances, airlines submit an agency debit memo (ADM) to the host agency which, if not paid, may result in the airlines not only suspending  that agency's ability to sell airfares, but also taking collections actions.

6.      In January 1991, CTC/TBD applied for and received ARC accreditation as a travel agency.  This accreditation gave CTC/TBD access to ARC's electronic ticketing and the ASP that was essential for CTC/TBD to independently do business as an airline-travel agency.

7.      During January 2000, an auditor for United Airlines began an investigation of CTC/TBD on suspicion that CTC/TBD had engaged in the practice of fraudulently obtaining significantly discounted fares for travelers who were not eligible for those discounts.  As a result of this investigation, United Airlines cancelled its then-existing business agreement with CTC/TBD in November 2001.  Thereafter, in February 2002, United Airlines also cancelled CTC/TBD's direct access to its electronic reservation system, and continued its audit of CTC/TBD.

8. During October 2002, Defendant established a business relationship, as a subcontracted travel agent, with an ARC-accredited travel agency in Maitland, Florida, named "Travel Planners International." Defendant thereby gained the ability, working from CTC/TBD's Michigan business location by means of interstate wire and electronic communications, to reserve and pay for airline travel using Travel Planners' ARC-accredited business identity as a host.

9. During April 2003, United Airlines completed its audit of CTC/TBD and issued a report concluding that CTC/TBD had fraudulently obtained discounted airfares during the previous year that resulted in a financial loss to United Airlines of approximately $100,000. Also in April 2003, United Airlines informed ARC of the audit results.

10. On May 28, 2003, ARC revoked its accreditation of CTC/TBD. As a result, CTC/TBD lost its ability to function independently as an airline-travel agency.

11. Between May 2003 and July 2011, Defendant established business relationships, as a subcontracted travel agent, with ARC-accredited host agencies in addition to Travel Planners, these being "Andavo Travel," in Greenwood, Colorado; "Cain Travel," in Boulder, Colorado; "Dallas Travel," in Dallas, Texas; and "The Travel Agent Company," in Carmel, Indiana. Defendant thereby gained the ability, working from CTC/TBD's Michigan business location by means of interstate wire and electronic communications, to reserve and pay for airline travel using these host agencies' ARC-accredited business identities.

**(WIRE FRAUD)**

Beginning not later than on or about May 28, 2003, and continuing until at least July 11, 2011, in the Southern Division of the Western District of Michigan, and elsewhere, the Defendant,

SANDRA M. WHITE,

having devised, and for the purpose of executing, a scheme or artifice to defraud, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce writings, signs, signals, pictures, or sounds.

Specifically, acting as a subcontracted travel agent for host agencies Travel Planners International, Andavo Travel, Cain Travel, Dallas Travel, and The Travel Agent Company, Defendant transmitted wire and electronic communications from the business locations of CTC/TBD in Berrien County, including her residence at 14317 Prairie Road, falsely claiming that customers of CTC/TBD were entitled to and eligible for airfare discounts and reduced fares based on age, military status, possession of discount coupons and upgrade certificates, and other falsehoods, and did thereby fraudulently obtain booking fees, agent commissions, and bonuses, in addition to significantly discounted airfares and ticket rebates from United, Delta, Lufthansa, and American, these discounts and related payments having approximate aggregate values as follows:  United, $293,934;  Delta, $54,414; Lufthansa, $242,758; and American, $20,583.  As part of the scheme, and in response to inquiries the named host agencies sent to CTC/TBD after they received ADM's from the airlines for significant portions of the financial losses caused by Defendant's misrepresentations, Defendant also sent wire and electronic communications to the host agencies, and to the airlines, falsely claiming that the discounts and rebates had been

properly obtained, and supported those false claims by transmitting copies of fraudulent documents that she had forged, altered, and manufactured.

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of the offense in violation of 18 U.S.C. § 1343 set forth in this Indictment, the defendant,

SANDRA M. WHITE,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: A sum of money equal to at least $611,689, which constitutes or is derived from proceeds traceable to the offense charged in the Indictment.

2. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c). Such substitute assets shall include, but not be limited to real property located at 14317 S. Prairie Road, Herbert, Michigan, Chikaming Township, Berrien County, more fully described as:

Parcel 1: The South 1/2 of the Southwest 1/4 of the Southwest 1/4 of Section 15, Town 7 South, Range 20 West, Chikaming Township, Berrien County, Michigan, excepting therefrom: Commencing 434.0 feet South of the Northwest corner of the South 1/2 of the Southwest 1/4 of the Southwest 1/4 of said Section 15; thence South 89 degrees 50 minutes East 208.74 feet; thence South 208.74 feet; thence North 89 degrees 50 minutes West 208.74 feet to the West line of said Section 15; thence North along said West line 208.74 feet to the place of beginning, also except: Beginning at the Southwest corner of Section 15, Town 7 South, Range 20 West, Chikaming Township, Berrien County, Michigan; thence North on the West Section line, 18.94 feet; thence South 89 degrees 50 minutes 00 seconds East 208.74 feet; thence North 208.74 feet; thence North 89 degrees 50 minutes 00 seconds West 208.74 feet to the West Section line; thence North on the West Section line, 155.04 feet; thence South 89 degrees 47 minutes 13 seconds East 626.00 feet; thence South 382.72 feet to the South Section line; thence North 89 degrees 47 minutes 13 seconds West on same, 626.00 feet to the place of beginning.

Parcel 2: Part of the Southwest 1/4 of Section 15, Town 7 South, Range 20 West, Chikaming Township, Berrien County, Michigan, described as follows: Beginning on the South line of said Section 15, at a point 1311.15 feet South 89 degrees 47 minutes 13 seconds East of the Southwest corner of the Section; thence North 00 degrees 02 minutes 46 seconds East on the North and South 1/8 line in the Southwest 1/4, 662.28 feet to the North line of the South 1/2 of the South 1/2 of the Southwest 1/4; thence South 89 degrees 48 minutes 50 seconds East on same, 655.83 feet to the East line of the West 3/4 of the Southwest 1/4; thence South 00 degrees 04 minutes 09 seconds West on same, 304.90 feet to the Northerly right of way line I-94 Highway; thence South 52 degrees 57 minutes 22 seconds West on same, 590.84 feet to the South Section line, thence North 89 degrees 47 minutes 13 seconds West on same 184.41 feet to the place of beginning.

Parcel No. 11-07-0015-0023-06-5.

Titled in the names of: Joseph E. White and Sandra M. White.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

A TRUE BILL

_____
GRAND JURY FOREPERSON

PATRICK A. MILES, JR.
United States Attorney

_____
HAGEN WALTER FRANK
Assistant United States Attorney

8